[Cite as *Hezebicks v. Hezebicks*, 2026-Ohio-2463.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| NIKA K. HEZEBICKS, | CASE NO. 2025-A-0074 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| SAMUEL L. HEZEBICKS, | |
| Defendant-Appellee. | Trial Court No. 2024 DR 00424 |

## OPINION AND JUDGMENT ENTRY

Decided: June 29, 2026
Judgment: Reversed and remanded

*Philip E. Cordova* and *Joseph J. Loftus,* Andrews & Pontius, L.L.C., 4810 State Road, P.O. Box 10, Ashtabula, OH 44005 (For Plaintiff-Appellant).

*Jane Timonere*, Timonere Law Offices, L.L.C., 4 Lawyers Row, Jefferson, OH 44047 (For Defendant-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant, Nika K. Hezebicks, appeals the judgment of the Ashtabula County Court of Common Pleas overruling the magistrate's decision that recommended permitting Appellant to relocate to South Carolina with the parties' two minor children.

{¶2} Appellant raises a single assignment of error, arguing that the trial court abused its discretion in overruling the magistrate's decision. According to Appellant, the trial court erroneously concluded that the factors in R.C. 3109.051(D)(1) through (16) weighed against her requested relocation.

{¶3} Having reviewed the record and the applicable law, we sustain Appellant's assignment of error. The trial court misapplied R.C. 3109.051(G)(1) by determining whether Appellant's *relocation* was in the child's best interest instead of whether it was in the children's best interest to revise the parenting time schedule of Appellee, Samuel L. Hezebicks ("Mr. Hezebicks"). The trial court also misapplied R.C. 3109.051(D) in considering the factors set forth therein to determine whether to permit Appellant's relocation with the children instead of for the purpose of establishing Mr. Hezebicks' revised parenting time schedule.

{¶4} Therefore, we reverse the judgment of the Ashtabula County Court of Common Pleas and remand for further proceedings.

**Substantive and Procedural History**

{¶5} Appellant and Mr. Hezebicks were married in Ohio in 2011 and are parents of two minor children born in 2019 and 2021.

{¶6} On September 25, 2024, Appellant filed a complaint for divorce in the Ashtabula County Court of Common Pleas. Appellant also filed a motion for temporary orders with respect to residential parenting rights (custody), child support, and payment of debts/expenses. Among other things, Appellant requested to be named the children's temporary residential parent and legal custodian and that Mr. Hezebicks be ordered to pay child support.

{¶7} On November 13, 2024, Mr. Hezebicks filed an answer and counterclaim. Mr. Hezebicks also filed a motion for temporary orders, including for visitation. He further filed a motion for restraining order requesting that Appellant be enjoined from removing the children from the State of Ohio without his prior written consent or court order.

Case No. 2025-A-0074

{¶8} On November 20, 2024, the magistrate filed temporary orders on the issues of child support and debts/expenses. The magistrate also filed an order (miscaptioned as a "judgment entry") enjoining Appellant from relocating without Mr. Hezebicks' prior written consent or court order.

{¶9} On July 1, 2025, Mr. Hezebicks filed a motion for shared parenting, requesting that the trial court adopt the shared parenting plan attached thereto.

{¶10} On July 10, 2025, Appellant filed a "motion for permission to relocate; notice of intent to relocate" ("motion/notice"). Therein, Appellant sought permission from the trial court to relocate with the children to South Carolina and formally notified Mr. Hezebicks of her intent to do so. The trial court scheduled a motion hearing for September 2025, which was subsequently advanced to July 25, 2025.

{¶11} On July 25, 2025, the magistrate held a final divorce hearing. Following the hearing, the magistrate filed a decision recommending that the parties be granted a divorce. The magistrate rescheduled the hearing on Appellant's motion/notice for August 11, 2025.

{¶12} On August 11, 2025, the magistrate held a hearing on Appellant's motion/notice. Appellant presented testimony from herself and her mother. Mr. Hezebicks presented his own testimony.

{¶13} On August 13, 2025, the trial court filed the final divorce decree. The decree approved the parties' agreement regarding the division of property, allocation of parental rights, child support, and other issues. The decree named Appellant as the children's residential parent and legal custodian and the residential parent for school purposes, subject to Mr. Hezebicks' parenting time schedule expressly set forth therein. The decree

Case No. 2025-A-0074

also expressly incorporated and attached a standard parenting order with handwritten modifications (Exhibit A) and "mandatory notices" (Exhibit B). One such "mandatory notice" was a "relocation notice" stating:

> Pursuant to ORC 3109.051(G), the parties hereby are notified, as follows:
>
> If the residential parent intends to move to a residence other than the residence specified herein, said residential parent shall file a notice of intent to relocate with this Court. Except as provided in ORC 3109.051(G)(2), (3), and (4), a copy of such notice shall be mailed by the court to both parties. On receipt of the notice, the Court, on its own motion or the motion of either party, may schedule a hearing with notice to both parties to determine whether it is in the best interest of the child or children to revise the visitation or parenting schedule for the child or children.

{¶14} On August 18, 2025, the magistrate filed a decision granting Appellant's motion to relocate. The magistrate addressed the factors in R.C. 3109.051(D)(1) through (16) and determined that they weighed in favor of granting the relocation. The magistrate also set forth a revised parenting time schedule for Mr. Hezebicks.

{¶15} On August 21, 2025, Mr. Hezebicks filed objections to, and a motion to stay, the magistrate's decision.

{¶16} On October 16, 2025, the trial court filed a scheduling entry and declined to stay the magistrate's decision.

{¶17} On November 4, 2025, Mr. Hezebicks filed the transcript of the August 11, 2025 motion hearing.

{¶18} On November 13, 2025, Mr. Hezebicks filed supplemental objections to the magistrate's decision.

{¶19} On November 19, 2025, Appellant filed a reply to Mr. Hezebicks' objections.

{¶20} On December 11, 2025, the trial court held a hearing on Mr. Hezebicks' objections.

Case No. 2025-A-0074

{¶21} On December 12, 2025, the trial court filed a judgment entry overruling the magistrate's decision. The trial court independently addressed the factors in R.C. 3109.051(D)(1) through (16) and determined that they weighed against granting relocation. The trial court ordered Appellant to return the children to Ashtabula County before December 22, 2025, so they may be enrolled in school.

{¶22} On December 19, 2025, Appellant filed a motion to stay execution of the trial court's judgment. On the same date, the trial court denied Appellant's motion to stay.

{¶23} On December 23, 2025, Appellant timely appealed the trial court's December 12, 2025 judgment. On the same date, Appellant requested a stay of the trial court's judgment pending appeal in this Court.

{¶24} On January 28, 2026, this Court granted Appellant's motion "to the extent that [she] is not immediately required to return the children to Ashtabula County." However, we stated that "any previous orders regarding parenting time, that do not disrupt the children's school schedule, shall remain in effect."

**Standard of Review**

{¶25} Appellant raises the following sole assignment of error: "The trial court abused its discretion in overruling the August 18, 2025, Magistrate's Decision as the court erroneously concluded that the factors enumerated in R.C. § 3109.051 weighed against Appellant's requested relocation."

{¶26} The trial court's judgment regarding whether to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *Coliadis v. Holko Enercon, Inc.*, 2016-Ohio-8522, ¶ 18 (11th Dist.). An abuse of discretion is the trial court's "'failure to

exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* (8th Ed. 2004). "[A]n abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Carson v. Holmes*, 2010-Ohio-4199, ¶ 23 (11th Dist.), quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.).

### Legal Requirements

{¶27} The issue before us is whether the trial court abused its discretion in overruling the magistrate's decision and precluding Appellant's relocation with the parties' children to South Carolina.

{¶28} As stated, on August 13, 2025, the trial court filed the final divorce decree naming Appellant as the children's residential parent, subject to Mr. Hezebicks' parenting time schedule expressly set forth therein and the standard parenting order attached thereto. The Supreme Court of Ohio has explained that "'[v]isitation' and 'custody' are related but distinct legal concepts." *In re Gibson*, 61 Ohio St.3d 168, 171 (1991). "'Custody' resides in the party or parties who," like Appellant, "have the right to ultimate legal and physical control of a child." *Id*. R.C. 3109.04 governs agreements "allocating parental rights and responsibilities," also known as "the right to ultimate legal and physical control of a child." *Id*. By contrast, "[v]isitation' resides in a noncustodial party and encompasses that party's right to visit the child." *Id.* "In other words, 'visitation' is granted to someone who," like Mr. Hezebicks, "does not have 'custody.'"

{¶29} R.C. 3109.051(G)(1) governs the relocation of a residential parent. *Holz v. Holz*, 2001 WL 1453900, *2 (11th Dist. Nov. 16, 2001). It provides in relevant part:

Case No. 2025-A-0074

If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file *a notice of intent to relocate* with the court that issued the order or decree. . . . Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents *to determine whether it is in the best interest of the child to revise the parenting time schedule for the child*.

(Emphasis added.)

{¶30} Thus, "[p]ursuant to the express terms of the statute, the trial court may schedule a hearing 'to determine whether it is in the best interest of the child *to revise the [parenting time] schedule for the child*.'" (Emphasis added.) *Kassavei v. Hosseinipour*, 2001 WL 589392, *1 (11th Dist. June 2, 2001), quoting R.C. 3109.051(G)(1). "However, the relocation statute contains no provision granting the trial court the authority *to deny the relocation*." (Emphasis added.) *Id.*; *see In re Noble*, 2001 WL 314889, *1 (11th Dist. Mar. 30, 2001) ("The rule in Ohio is that R.C. 3109.051(G)(1) does not give the trial court the authority to prevent the residential parent from relocating with the child."); *Moore v. Moore*, 1998 WL 156983, *4 (11th Dist. Mar. 27, 1998). Ohio courts have held that "a parent has a constitutional right to live anywhere in the country that he or she chooses and to relocate at his or her will." *Williams v. Mabra*, 2006-Ohio-5845, ¶ 14 (12th Dist.); *Quint v. Lomakoski*, 2005-Ohio-4603, ¶ 19 (2d Dist.).

{¶31} "Modification of visitation rights is governed by R.C. 3109.051." *Braatz v. Braatz*, 1999-Ohio-203, paragraph one of the syllabus. R.C. 3109.051(C) provides in relevant part that "when establishing a specific parenting time . . . schedule, . . . the court . . . shall consider all other relevant factors, including, but not limited to, all of the factors listed in division (D) of this section" and "may interview in chambers any or all involved children regarding their wishes and concerns." "Pursuant to R.C. 3109.051(D), the trial

Case No. 2025-A-0074

court shall consider the [six]teen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child." *Braatz* at paragraph two of the syllabus; *see* R.C. 3109.051(D)(1)-(16).

## Analysis

{¶32} The parties' arguments focus on whether the trial court properly applied the factors in R.C. 3109.051(D)(1) through (16). However, we find two predicate legal errors that require reversal—the trial court's misapplication of R.C. 3019.051(G)(1) and (D).

{¶33} In its judgment entry, the trial court quoted R.C. 3109.051(G)(1) and expressly considered each of the factors in R.C. 3109.051(D)(1) through (16). However, instead of determining pursuant to R.C. 3109.051(G)(1) whether it was in the children's best interest to revise Mr. Hezebicks' parenting time schedule, the trial court's stated purpose was to determine if permitting Appellant's *relocation* was in the children's best interest. Further, instead of considering the factors in R.C. 3109.051(D)(1) through (16) to establish Mr. Hezebicks' revised parenting time schedule, the trial court considered the factors in determining whether to preclude Appellant's relocation with the children. The trial court's actions constitute a misapplication of law and, thus, an abuse of discretion.

{¶34} There are situations in which a court determines whether a parent's relocation is in a child's best interest. *See, e.g., Rozborski v. Rozborski*, 116 Ohio App.3d 29, 31 (8th Dist. 1996). However, those cases are distinguishable and do not involve R.C. 3109.051. As this Court has explained, "[w]here the decree contains an express or implied provision restricting the custodial parent's ability to move from the area, the child can only be moved from the state upon a finding that the relocation would be in the best interests of the child." *Salisbury v. Salisbury*, 2006-Ohio-3543, ¶ 93 (11th Dist.); *see, e.g.,*

*Williams v. Williams*, 2004-Ohio-3992, ¶ 18 (11th Dist.) (parent's "motion did not fall within the purview of R.C. 3109.051(G)" where the court precluded removal of child without court approval); *Victor v. Miller*, 2002-Ohio-1956, ¶ 10 (11th Dist.) (same).

{¶35} We acknowledge that on November 20, 2024, the magistrate filed a restraining order enjoining Appellant from relocating without Mr. Hezebicks' prior written consent or court order. However, on August 13, 2025, the trial court filed the final decree. This Court has held that "unless a temporary order is reduced to a separate judgment or specifically referred to in the final decree, all temporary orders merge into the final decree of divorce and become moot.'" *Salyers v. Salyers*, 2025-Ohio-1605, ¶ 84 (11th Dist.), quoting *Salpietro v. Salpietro*, 2023-Ohio-169, ¶ 23 (6th Dist.). The magistrate's November 2024 restraining order was not reduced to a separate judgment, nor does the decree refer to it. Further, nothing in the final decree or its exhibits precludes Appellant's relocation from Ohio with the children. In fact, the standard relocation-notice attached to the final decree expressly acknowledges potential relocation.

## Conclusion

{¶36} The trial court abused its discretion by misapplying R.C. 3109.051(G) and (D). Appellant's sole assignment of error is sustained, and the trial court's judgment is reversed. On remand, the trial court shall determine, in accordance with R.C. 3109.51(G)(1), whether it is in the children's best interest to revise Mr. Hezebicks' parenting time schedule. If so, then the trial court shall also consider the factors in 3109.51(D)(1) through (16), in accordance with R.C. 3109.51(C) and (D), and establish Appellant's revised parenting-time schedule.

Case No. 2025-A-0074

{¶37} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this Opinion.


ROBERT J. PATTON, J.,

SCOTT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the judgment of the Ashtabula County Court of Common Pleas is reversed, and that this matter is remanded for further proceedings consistent with this Opinion.

Costs to be taxed against Appellee.

JUDGE JOHN J. EKLUND

JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0074